IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Greenville Hospital System | ) | |
| | ) | C/A No. 6:14-1919-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| | ) | |
| Employee Welfare Benefits | ) | |
| Plan for Employees of Hazelhusrt | ) | |
| Management Company, Underwritten | ) | |
| by Aetna Life Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Motion to Compel Arbitration and Dismiss Plaintiff Greenville Hospital System's ("GHS") Complaint pursuant to Fed.R.Civ.P. 12(1) and (6) filed by Defendant Employee Welfare Benefit Plan for Employees of Hazelhurst Management Company Underwritten by Aetna Life Insurance Company ("Aetna"). (ECF No. 7). GHS filed a response opposing the motion (ECF No. 9) and Aetna filed a reply (ECF No. 10). For the reasons set forth below, the court grants the motion and dismisses this action without prejudice.

**I. Facts/Background**

GHS and Aetna entered into a Hospital Services Agreement ("Agreement") pursuant to which GHS became a preferred Aetna provider and could submit claims directly to Aetna for hospital services provided to patients covered by an Aetna health insurance plan. Aetna agreed to pay GHS directly for those services at rates established by the parties, and GHS agreed that it

would not bill Aetna insureds for the denial of payments.  GHS also agreed to abide by Aetna's requirement for precertification and to notify Aetna within two business days, or as soon as reasonably possible, of all admissions of Aetna insureds.

The Agreement also contains a mandatory arbitration provision. (ECF No. 7-2 at 17-18). The arbitration provision requires binding arbitration of "any controversy or claim arising out of or relating to this Agreement or the breach, termination, or validity thereof . . ." (ECF No. 7-2 at 17).  Additionally, the top of each page of the Agreement contains the following provision:

> **NOTICE: THIS AGREEMENT IS SUBJECT TO MANDATORY ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT OR, IF THE FEDERAL ARBITRATION ACT IS DETERMINED TO BE INAPPLICABLE, THE UNIFORM ARBITRATION ACT, § 15-48-10, ET SEQ., CODE OF LAW OF SOUTH CAROLINA (1976), AS AMENDED.**

(ECF No. 7-2) (bolding in original).[1]

In August 2011, a patient who had health insurance benefits under an employee health insurance plan established by Hazelhurst Management Company ("the Plan") and underwritten by Aetna  was treated at GHS.   The patient's  mother signed a consent for treatment form which contained an assignment of the patient's benefits under the Plan to GHS.[2]   Thereafter, GHS submitted a claim, which Aetna denied on the ground that GHS had failed to obtain precertification as required by the Agreement.  GHS appealed the denial and Aetna upheld the denial.  GHS then filed this action.

---

[1]The court notes that GHS does not dispute that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., governs the arbitration provision in the Agreement.  Accordingly, the court will not address the South Carolina Uniform Arbitration Act or its applicability.

[2]For purposes of this motion, Aetna states it does not contest the validity of the assignment.

2

## II. Applicable Law

Aetna has moved to dismiss GHS's Complaint and to compel arbitration pursuant to 9 U.S.C. § 3 of the FAA, and Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate claims. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treatises of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1). In reviewing a motion to dismiss under Rule 12(b)(1), the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, the rules require more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* at 678.

3

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The FAA embodies a federal policy favoring arbitration.  *Drews Dist., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001). A litigant can compel arbitration under the FAA, if the litigant can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002) (internal citation and quotations omitted). The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2. "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Id.* at 500.  The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration" and the Fourth Circuit has found this stay-of-litigation provision to be mandatory. *Id.* (internal citation and quotations omitted). *See also Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir.1999). However, the Fourth Circuit has also found that when all the issues presented in a lawsuit are subject to mandatory and binding arbitration, dismissal of the action, rather than the "mandatory" stay required by 9 U.S.C. § 3, is a proper remedy. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).

4

### III. Discussion

Aetna contends that by filing this action, GHS is attempting to avoid the arbitration required by the Agreement.  In its Complaint, GHS raises two claims: 1) failure to pay benefits, and 2) failure to provide plan documents.  Aetna contends that these claims are encompassed in the arbitration provision in the Agreement.  GHS, on the other hand, contends that it is seeking to recover under the terms of the Plan as the assignee of a Plan beneficiary.

Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Peabody Holding Co. v. United Mine Workers of Am.*, 665 F.3d 96, 103 (4th Cir. 2012) (quotation omitted).  The FAA espouses a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary."  *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

Section 3 of the FAA provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. required by the Agreement.

9 U.S.C. § 3.  As noted above, in the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: 1) the existence of a dispute between the parties, 2) a written agreement that includes an arbitration provision which purports to cover the dispute, 3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and 4) the failure, neglect or refusal of the other party to arbitrate the dispute.

*Adkins*, 303 F.3d at 500-01. "[T]he burden is on the party opposing arbitration . . . to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Santoro v. Accenture Fed. Servs., LLC*, 748 F.3d 217, 221 (4th Cir. 2014) (quotation omitted).

Moreover, a clause which provides for arbitration of all disputes "arising out of or relating to" the contract is construed broadly. *See, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398 (1967). The sweeping language of broad arbitration clauses applies to disputes in which a significant relationship exists between the asserted claims and the contract in which the arbitration clause is contained. *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 319 (4th Cir. 1988). A court should look to "the factual allegations underlying the claim . . . regardless of the legal label assigned to the claim" in determining arbitrability. *J.J. Ryan*, 863 F.2d at 319. And if a court has any doubts concerning the scope of arbitrability, those doubts "should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone,* 460 U.S. at 25

GHS contends that it bought this action as a derivative action on behalf of the insured and it should have the right to pursue this claim under ERISA and not be compelled to arbitrate. GHS cites to *CardioNet, Inc. V. Cigna Health Corp.*, 751 F.3d 165 (3rd Cir. 2014) for support of its position that a provider's direct and derivative claims fall outside of the Agreement's arbitration clause. In *CardioNet*, the Third Circuit Court of Appeals held that a provider's derivative claim against the insurer on behalf of the insured was not subject to an arbitration clause in the administrative services agreement between the insurer and the provider.

Aetna contends that the claims raised in this action are about what services were covered under the Plan, but rather GHS' failure to obtain the required precertification under the

6

Agreement as a condition for payment. The court agrees.

In its Complaint, GHS alleges that Aetna denied the claim submitted by GHS because "precertification/authorization not received in a timely fashion.'" (ECF No. 1 ¶¶ 12, 21 Compl. ¶¶12, 21). GHS states that it believes that the decision to deny benefits was unreasonable based on the Plan. *Id*. at 22.

Recently in *Greenville Hospital System v. United Healthcare Insurance Company*, C/A No. 6:13-2837-HMH (D.S.C. April 3, 2014), United States District Judge Henry M. Herlong addressed this issue in a similar situation. GHS had entered into an agreement with United Healthcare Insurance Company ("United") which provided for payment of claims to GHS and required precertification. The agreement also contained a binding arbitration clause. GHS sought payment for medical benefits which had been provided to a patient insured by United, and United denied the claim. Thereafter, GHS filed an action seeking payment of the claim. United filed a motion to compel arbitration and dismiss the action without prejudice. Judge Herlong held that the dispute regarding a claim payment related to the agreement and thus fell within the dispute resolution provision. Accordingly, he granted the motion to compel arbitration and dismissed the action without prejudice.

Likewise, here, the court finds that the dispute between GHS and Aetna falls under the Agreement and is subject to arbitration. GHS filed a claim with Aetna on behalf of the insured and pursuant to the Agreement. Aetna denied the claim based upon the Agreement. While GHS contends that it did not agree to arbitrate whether services were covered under the terms of an employee welfare benefits plan, the court notes it did agree to arbitrate "any controversy or claim arising out of or relating to this Agreement or the breach, termination, or validity thereof . . ." While a determination of benefits under the terms of Plan may fall within ERISA, GHS's

claims relate to the scope of the Agreement, which provides: "Except when a Member requires Emergency Services, Hospital agrees to comply with any applicable precertification and/or referral requirements under the member's Plan prior to the provision of Hospital Services. Hospital agrees to notify Company within two (2) business days, or as soon as reasonably possible of all admissions of Members, and all services for which Company requires notice." (ECF No. 7-2 at 11 § 5.1, Agreement § 5.1).   Resolving any doubts in favor of arbitration, as required, the court finds that GHS's claims fall within the broad arbitration provision in the Agreement and are subject to arbitration.

## Conclusion

For the foregoing reasons, Defendant's Motion to Compel Arbitration and to Dismiss (ECF No. 7) is **GRANTED**, and this action is dismissed without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 3, 2014
Anderson, South Carolina